UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES FIRE                                CIVIL ACTION
INSURANCE COMPANY

v.                                                NO. 12-2394

HOUSING AUTHORITY                                 SECTION "F"
OF NEW ORLEANS

ORDER AND REASONS

Before the Court is the motion of the Housing Authority of New Orleans to dismiss. For the reasons that follow, the motion is DENIED.

**Background**

United States Fire Insurance Company seeks to enforce a 2009 settlement agreement that was executed during prior litigation in this Court. The settlement agreement resolved U.S. Fire's contribution claim and the Housing Authority of New Orleans' defense cost and penalties claim arising from underlying, and still ongoing, state court litigation entitled *John Johnson, et al. v. Orleans Parish School Board, et al.*, Nos. 93-14333 c/w 94-12996 c/w 94-13271, which is pending in Civil District Court for the Parish of Orleans. The *Johnson* litigation saga began when a class composed of residents, students, workers, and property owners in the Agriculture Street Landfill neighborhood in the Upper Ninth Ward of New Orleans sued the City of New Orleans, HANO, and HANO's four insurers, including U.S. Fire, for environmental damage and

1

exposure claims.

Many years ago in the *Johnson* litigation, HANO sought leave to file cross-claims against its former insurers, including U.S. Fire, to recover the defense costs HANO incurred in connection with the *Johnson* litigation. The *Johnson* trial court denied HANO's request more than once.

Thereafter, on January 12, 2006, the *Johnson* trial court entered judgment against all defendants and in favor of nine class members; the judgment provided that the defendants could seek contribution against each other. On September 30, 2008, HANO's insurers, with a partial contribution from HANO, satisfied their obligations under the January 12, 2006 state court judgment, reserving the right to seek full contribution from HANO. U.S. Fire had paid $120,333.98 to satisfy the state court judgment.

On October 28, 2008, U.S. Fire filed a complaint for declaratory judgment and contribution against HANO in another Section of this Court. See United States Fire Ins. Co. v. Housing Authority of New Orleans, No. 08-4756, Section D.[1] U.S. Fire

---

[1] On this same day in yet another Section of this Court, one of HANO's other insurers, Republic Insurance Company, sued HANO, seeking a declaratory judgment that its liability was capped at the $1,000,000 aggregate limit for personal injury liability coverage in the policy; Republic alleged that HANO did not contribute its virile share of the settlement award and, accordingly, Republic sought contribution from HANO for the excess amount Republic paid. See Republic Ins. Co. v. Housing Authority of New Orleans, No. 08-4748, Section S. On May 13, 2009, Republic sought summary relief, arguing that it was entitled to a declaration that the aggregate limit of liability for the personal

contended that HANO was responsible for paying part of the amount that U.S. Fire paid because U.S. Fire's payment covered damages for alleged years of exposure that did not fall within the U.S. Fire/HANO policy period of May 30, 1978 through May 30, 1981. In its answer to U.S. Fire's suit, HANO asserted a defense cost claim. By a confidential settlement and release agreement in the Section D case, U.S. Fire and HANO settled U.S. Fire's contribution claim against HANO, and resolved HANO's claims against U.S. Fire "relating to a duty to defend, for reimbursement of past defense costs and coverage for future defense costs, statutory penalties and bad faith" regarding the *Johnson* litigation. In addition to an extensive release of claims provision, HANO and U.S. Fire agreed

---

injury liability coverage was $1,000,000; Judge Lemmon granted the motion. On July 15, 2009, Republic and HANO reached a compromise, the terms of which were recited before a U.S. Magistrate Judge. The parties executed their settlement agreement on August 17, 2009 (HANO) and September 23, 2009 (Republic); Republic agreed to release its claims for contribution against HANO and, in exchange, HANO stipulated that the $1,000,000 aggregate limit for personal injury liability in the policy would be reduced by $27,613.94, withdrew its motion for leave to file a cross-claim for defense costs, and released any and all claims against Republic. The case was dismissed on the parties' motion in September 2009.
    Three years later, in September 2012, Republic requested that Section S of this Court reopen its case so that Republic could file an amended complaint for breach of contract, declaratory judgment, and injunctive relief, in light of actions HANO had taken in the *Johnson* state court litigation that Republic believed was contrary to the parties' settlement agreement. On November 1, 2012, Judge Lemmon granted Republic's motion to reopen the case and granted Republic leave to file an amended complaint; in so doing, Judge Lemmon rejected HANO's arguments that the Court should abstain under Younger, Colorado River, or Brillhart abstention doctrines.

that their settlement agreement would be governed by Louisiana law and further "agree[d] that the United States Eastern District Court for the State of Louisiana will retain jurisdiction in the event any dispute arises concerning this Agreement." After the settlement agreement was executed by the parties on June 9, 2009, U.S. Fire moved to dismiss its coercive contribution claim against HANO, with prejudice, on September 3, 2009; its motion to dismiss was granted the next day.[2] On October 7, 2009, the Court dismissed the remaining declaratory judgment claim as to policy limits, choosing to abstain pursuant to Brillhart abstention.[3]

On August 22, 2012 HANO filed in the *Johnson* state court litigation a motion for leave to file a second supplemental and amended cross-claim against its former insurers, including U.S. Fire. In the proposed cross-claims, HANO alleged that its June

---

[2] Meanwhile, after U.S. Fire sued and settled with HANO in Section D of this Court, U.S. Fire sued the City of New Orleans in Section N for the separate portion it owed U.S. Fire. See National Union Fire Insurance Company of Pittsburgh, Pa., et al. v. City of New Orleans, No. 09-6598, Section N.

[3] In so abstaining, Judge McNamara observed:

> [G]iven that the coercive claims in this matter have settled and the only remaining claim is USFIC's claim for declaratory judgment, the court exercises its "broad discretion," under the *Brillhart* abstention standard, and abstains from exercising jurisdiction in light of state proceedings which are parallel and substantial. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

United States Fire Ins. Co. v. Housing Authority of New Orleans, No. 08-4756, 2009 WL 3255144, at *3 (E.D. La. Oct. 7, 2009).

2009 Settlement Agreement with U.S. Fire is "void for lack of consideration and lesion beyond moiety," is "null and contrary to public order (contra bonos mores)," and "contained potestative, resolutory and/or suspensive conditions." HANO also asserted that U.S. Fire must "reimburse HANO for past attorneys' fees, costs and expenses incurred by HANO since 2009 to defend itself" in the *Johnson* litigation, and seeks to recover from U.S. Fire "statutory penalties, pursuant to La.R.S. 22:1892 and/or La.R.S. 22:1973 (formerly La.R.S. 22:658 and 22:1220)." All claims that U.S. Fire contends were released.

In response to HANO's application in state court, on September 28, 2012 U.S. Fire sued HANO in this Court, seeking damages for HANO's breach of the June 2009 Section D settlement agreement; U.S. Fire also seeks a declaratory judgment[4] and injunctive relief.[5] As in the prior litigation between these parties in federal court, jurisdiction is based on diversity, 28 U.S.C. § 1332.

HANO now urges this Court to abstain from considering U.S.

---

[4]Specifically, U.S. Fire requests that this Court issue a declaratory judgment stating that U.S. Fire has no liability to HANO for any defense costs incurred in the *Johnson* litigation, that all such claims are barred by *res judicata*, that U.S. Fire has no liability to HANO for statutory penalties related to the *Johnson* litigation, and that all such claims are barred by *res judicata*.

[5]U.S. Fire seeks to enjoin HANO from instituting any proceeding against U.S. Fire affecting the subject matter of its complaint or the parties' Settlement Agreement in any other court. In other words, U.S. Fire seeks to prevent HANO from further pursuing its pending motion for leave to file cross-claims in the *Johnson* litigation.

Fire's case, and to dismiss it, in deference to the on-going *Johnson* state court litigation. The muddle this Court has recited would seek to counsel for abstention. But the precedent, such as it is, seems not to favor abstention.

I.

A lawsuit must be dismissed if it appears that the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1), (h)(3). The party asserting jurisdiction bears the burden of establishing the Court's subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The Court may base its decision on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

HANO suggests that it presents its motion to dismiss "pursuant to Rule 12(b)(1)...to dismiss this federal court action, in the interests of comity, federalism and judicial efficiency, so that the state court may continue to exercise its authority and jurisdiction" in the *Johnson* litigation. In support of its motion to dismiss, HANO first contends that because the dismissal order entered in the prior Section D dispute, Case Number 08-4765, did not contain the terms of the settlement agreement, the settlement agreement must be interpreted by the state court. In particular,

6

in ostensibly challenging this Court's subject matter jurisdiction over the enforcement of the U.S. Fire/HANO Section D settlement agreement, HANO invokes <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994). But HANO's reliance on <u>Kokkonen</u> is misplaced.

> In <u>Kokkonen</u>, the Supreme Court observed that:
>
> Enforcement of [a] settlement agreement...whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

<u>Id.</u> at 378. HANO attempts not only to invoke the Supreme Court's holding (that a district court lacks the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction), but seeks to contort it by sweepingly suggesting that the Supreme Court has directed that enforcement of settlement agreements must be handled by state courts. HANO's expansive reading of <u>Kokkonen</u> is belied by the rather notable observation in that very opinion: "[W]hen...dismissal is pursuant to Rule 41(A)(1)(ii), enforcement of the settlement agreement is for state courts, **unless there is some independent basis for federal jurisdiction**." <u>Id.</u> at 382 (emphasis added). Indeed, unlike in <u>Kokkonen</u>, this Court need not consider whether it has ancillary jurisdiction to resolve the dispute over enforcement of the settlement agreement, given that there is indisputably an independent basis for subject matter jurisdiction: diversity

jurisdiction.[6] Thus, to the extent HANO contests this Court's subject matter jurisdiction, it fails. In advancing its argument, HANO ignores distinguishing features between this case and Kokkonen that are dispositive of the subject matter jurisdiction inquiry.[7]

Having determined that this Court has subject matter jurisdiction (and, thus, having resolved in the negative the question of whether the parties' Section D settlement agreement *must* be interpreted by the state court), the Court turns to the more pertinent question of whether the Court should decline to exercise its jurisdiction; that is, whether the Court should abstain and the settlement agreement *should* be interpreted only by

---

[6]Significantly, HANO does not dispute that this Court has diversity jurisdiction. Indeed, the parties are completely diverse and the amount in controversy requirement is met. U.S. Fire is a New York corporation with its principal place of business in Morristown, New Jersey. HANO is a public agency and political subdivision of the State of Louisiana. The amount in controversy is U.S. Fire's contribution claim and HANO's defense costs and penalties claims that each party respectively released in the settlement agreement: U.S. Fire contends that it paid over $120,000 to the plaintiffs and its contribution claim against HANO was worth at least $60,000. Additionally, U.S. Fire seeks damages for breach of contract and enforcement of the settlement agreement in which U.S. Fire contends that HANO settled its defense costs and penalties claim. (According to HANO, HANO's defense cost claim is worth at least $460,000.)

[7]For example, HANO ignores the fact that, here, the parties agreed that this Court would resolve disputes concerning their settlement agreement executed during federal litigation. Cf. Smallbizpros, Inc. v. MacDonald, 618 F.3d 458, (5th Cir. 2010)(holding that district court did not retain ancillary jurisdiction to enforce settlement agreement "[b]ecause neither the Stipulation nor the Order used explicit 'retention of jurisdiction' language.").

the state court. Because this case involves concurrent (ostensibly, parallel) state and federal litigation, the Court next considers whether "[c]omity or abstention doctrines may...permit or require [the Court] to stay or dismiss the federal action in favor of state-court litigation." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005).

## II.

Abstention doctrine is riddled with normative contradictions.

Federal courts are said to have a "virtually unflagging" obligation to exercise the jurisdiction granted to them. Colo. River Water Conservation Dist. V. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). In "extraordinary and narrow" circumstances, however, a district court may decline or abstain from exercising its jurisdiction in favor of the state court litigation. Id. at 813 (noting that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule"). In Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1 (1983), the Supreme Court announced that the Colorado River "exceptional circumstances" test governs a district court's decision outside the Declaratory Judgment Act context. See Wilton

v. Seven Falls Co., 515 U.S. 277, 285-86 (1995).

On the other hand, in the declaratory judgment context, the Supreme Court instructs that district courts are vested with greater discretion in determining whether to stay or dismiss the declaratory judgment suit in light of a pending state proceeding, observing that "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995). This principle was first recognized in Brillhart v. Excess Ins. Co. Of Am., 316 U.S. 491, 495 (1942):

> [I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by a federal law, between the same parties.

Id. at 495. In other words, "Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." Wilton, 515 U.S. at 283 ("Brillhart indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed."). But the substance of Brillhart

10

and Colorado River principles remains elusive in application.

HANO invokes both Brillhart and Colorado River abstention doctrines in its attempt to persuade the Court to decline from exercising its jurisdiction. U.S. Fire counters that neither of these doctrines are implicated here. With some pause, the Court agrees.

A. Brillhart Abstention

HANO first appeals to this Court's interests in federalism, fairness, and efficiency in urging the Court to abstain under the discretionary Brillhart doctrine. The Court acknowledges the bewilderment that must accompany the history of the state court litigation that has been pending for more than 17 years. Some might even observe that the limitless mortality of this litigation reflects poorly on the parties, or perhaps on counsel, and on the justice system. Indeed, if the Brillhart doctrine fit with this case, the Court would be confronted with the same scenario presented in the Section D dispute, and the same ruling as Judge McNamara's would be compelled: dismissal on Brillhart grounds.[8] But Brillhart abstention is not appropriate, where, as here, U.S. Fire requests coercive, in addition to declaratory, relief.

"[I]t is well settled in this circuit", the Fifth Circuit adds, "that a declaratory action that also seeks coercive relief is

---

[8]United States Fire Ins. Co. v. Housing Authority of New Orleans, No. 08-4756, 2009 WL 3255144, at *3 (E.D. La. Oct. 7, 2009)(McNamara, J.)

11

analyzed under the *Colorado River* standard." New England Ins. Co. v. Barnett, 561 F.3d 392, 396 (5th Cir. 2009); American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 250 (5th Cir. 2005)("[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief.").

U.S. Fire's suit does not seek purely declaratory relief. In addition to a declaration of its rights, U.S. Fire seeks damages for HANO's alleged bad faith breach of the settlement agreement, and also asks that the Court enjoin HANO from prosecuting the claims it has already released under the parties' agreement. Without commenting on the merits of such claims, this takes U.S. Fire's complaint well outside the ambit of Brillhart. Moreover, HANO does not suggest that either of the two exceptions to the rule requiring application of Colorado River apply here (the claims for coercive relief are frivolous, or whether the claims for coercive relief were added as a means of defeating Brillhart). See Barnett, 561 F.3d at 396. Thus, because it is undisputed that U.S. Fire seeks coercive relief, Colorado River, and its insistence on exceptional circumstances, governs the abstention inquiry in this case. See American Guarantee & Liability Ins. Co., 408 F.3d at 250-51 (because the lawsuit "involves a request for monetary or other relief," the district court's "discretion to stay is

12

'narrowly circumscribed' by its obligation to hear cases within its jurisdiction"). It is this so-called "narrowly circumscribed" attitude that informs the result here.

B. Colorado River Abstention

"Under the Colorado River doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" Saucier v. Aviva Life and Annuity Co., 701 F.3d 458, 462 (5th Cir. 2012). As a threshold matter, then, a stay of federal proceedings under Colorado River may only be considered when the federal and state cases are parallel, which has been interpreted to mean having the same parties and same issues. See Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006). Once it is determined that the state and federal cases are parallel, the Court must determine if "exceptional circumstances" warrant abstention by applying six relevant factors[9]:

> (1) assumption by either court of jurisdiction over a res,
> (2) relative inconvenience of the forums,
> (3) avoidance of piecemeal litigation,
> (4) the order in which jurisdiction was obtained by the concurrent forums,
> (5) to what extent federal law provides the rules of decision on the merits, and
> (6) the adequacy of the state proceedings in protecting the rights of the party

---

[9] The Supreme Court announced the first four factors in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) and the later two in Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8-13 (1983).

invoking federal jurisdiction.

Id. (citations omitted).  "[T]hese factors [are not applied] mechanically, but carefully balance[d]...'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Id. (quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).  The Fifth Circuit's cramped view of district court abstention is guided by Moses H. Cone.

U.S. Fire responds that this matter is not parallel to the *Johnson* class action proceeding in state court, and urges the Court to be guided by a recent ruling by another Section of Court. Indeed, Judge Lemmon, in considering an identical issue, determined that the case before her and the *Johnson* litigation was "not parallel because they do not involve the exact same parties and issues."  Republic Ins. Co. v. Housing Authority of New Orleans, No. 08-4748, 2012 WL 5384661, at *6 (E.D. La. Nov. 1, 2012)(noting that the *Johnson* litigation concerns thousands of tort claims, whereas the federal matter involved only a two-party dispute between insurer and insured regarding enforcement of a settlement agreement).  Those observations apply here.  Certainly this case is a subset of the state court litigation; indeed, these two parties and claims are subsumed in the relentless unresolved state court litigation, but the *Johnson* litigation has many additional plaintiffs and defendants, with many additional claims not presented to this Court.

Even assuming that perfect symmetry is not essential for abstention, the six test factors seem inconclusive.[10]

(1) Res at Issue

It is undisputed that neither the state nor federal court has assumed jurisdiction over any res in this case. The absence of this factor is not "a neutral item, of no weight in the scales." Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 492 (5th Cir. 2006) (quoting Evanston Ins. Co. V. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988)). Rather, this factor actually weighs in favor of exercising federal jurisdiction. See id.

(2) Inconvenience Between Forums

Here, both the federal and state courts are in the same geographic location. This factor therefore weighs against abstention and supports an exercise of this Court's jurisdiction. See id.

(3) Avoidance of Piecemeal Litigation

HANO contends that it has asked the state court to determine the issues presented here by U.S. Fire, namely, whether the

---

[10] Although the Fifth Circuit applies the same parties/same issues test, it has noted that "there need not be applied in every instance a mincing insistence on precise identities of these [same parties litigating same issues]." RepublicBank Dallas Nat'l Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987). In fact, in determining whether actions are parallel, some courts do not insist on "formal symmetry" but, instead, consider whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 695 (7th Cir. 1985)(citing Arizona v. San Carlos Apache Tribe, 463 U.S. 545 (1983)).

15

settlement agreement is enforceable and whether it has been breached. Thus, HANO suggests, it would be inefficient for this Court to consider these issues. The Court agrees that judicial efficiency is compromised by both courts considering the same issues. Unfortunately, the concern articulated by HANO speaks to the duplicative nature of the litigation, which is true of all parallel litigation and is distinct from a concern to avoid piecemeal litigation. See id. ("While duplicative litigation is permitted, *Colorado River* prevents 'piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property'") (citation omitted). Mere "prevention of duplicative litigation is not a factor to be considered in an abstention determination." Evanston Ins. Co. V. Jimco, Inc., 844 F.2d 1185, 1192 (5th Cir. 1988) (citing Colorado River, 424 U.S. at 817, 96 S.Ct. 1236)). Furthermore, the potential problem of inconsistent judgments may be obviated through a plea of *res judicata* if one court renders judgment before the other. See Stewart, 438 F.3d at 492.

(4) The Order In Which Jurisdiction Was Obtained

Application of this factor turns on the relative progress that has been made in the respective cases. See id. "The priority element of the Colorado River/Moses H. Cone balance 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'"

See Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 738 (5th Cir. 1999) (quoting Evanston, 844 F.2d at 1190). Of course, the state court litigation was filed many many years before even the first appearance of this case. The issues concerning the 2009 Section D settlement agreement have only recently arisen and were presented first to the state court (by HANO) and then, shortly thereafter, to this Court (by U.S. Fire). The parties seem to agree that no progress has been made on the merits of these issues in either forum. However, because "this factor ... favors abstention when the federal case has not proceeded past the filing of the complaint," (Stewart, 438 F.3d 488, 492-93), this factor favors abstention.

(5) Application of Federal Law/Rule of Decision

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of the surrender only in rare circumstances." Evanston, 844 F.2d at 1193 (quoting Moses H. Cone, 460 U.S. at 26, 103 S.Ct. 927). This diversity action and the *Johnson* litigation will both be governed by Louisiana law. However, absent the presence of "rare circumstances" (which HANO does not suggest exist), this factor seems nonetheless neutral.

(6) Adequacy of State Proceedings

This final factor "can only be a neutral factor or one that

17

weighs against, not for, abstention." Evanston, 844 F.2d at 1193. Although the Court has earnest concerns about the age of the state court litigation, the Court has not been presented with any clear reason to doubt the adequacy of the state court's ability to resolve the state law issues.

At best, the six factors seem inconclusive and fairly split evenly. Considering that three factors weigh against abstention and the other factors are perhaps neutral, or maybe even lean to abstention, this Court must yield to its "virtually unflagging" obligation to exercise its jurisdiction. Accordingly, HANO's motion to dismiss is DENIED.

New Orleans, Louisiana, January 11, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE